IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| FINANCIAL FREEDOM ACQUISITION, LLC.   )<br>   )<br>   Plaintiff,   )<br>   )<br>vs.   )<br>   )<br>RHONDA J. FITZPATRICK, UNITED STATES   )<br>OF AMERICA SECRETARY OF HOUSING   )<br>AND URBAN DEVELOPMENT, CITY OF   )<br>HERRIN, UNKNOWN HEIRS/DEVISEES OF   )<br>MARY A. WHITECOTTON, CORA SWEET,   )<br>MARTY PRICE, BRENDA PRICE, MAURICE   )<br>SWEET, UNKNOWN HEIRS AND LEGATEES   )<br>OF VIRGIL WHITECOTTON, and UNKNOWN   )<br>OWNERS AND NON-RECORD CLAIMANTS,   )<br>   )<br>   Defendants.   )  | Civil No.  11-cv-30-JPG-SCW |

**MEMORANDUM AND ORDER**

This matter comes before the Court on plaintiff Financial Freedom Acquisition LLC's motion to dismiss defendant United States Secretary of Housing and Urban Development in light of his disclaimer and waiver of redemption rights in the subject property of this foreclosure action and motion to remand this action to state court in light of that dismissal (Docs. 11 & 12).

This case was originally filed in state court, but the Secretary removed it, relying on the Court's original jurisdiction over a claim against a federal officer, *see* 28 U.S.C. § 1442(a), and over a foreclosure action against the United States, *see* 28 U.S.C. § 1444.  The claim involving the Secretary is the only claim in this case over which the Court has original jurisdiction.  The Court had at the time of removal, and continues to have, jurisdiction over the remaining claims under 28 U.S.C. § 1367(a), which extends supplemental federal jurisdiction to all claims that are sufficiently related to the claims on which original jurisdiction is based so as to be part of the same case or controversy.

Dismissal of this case as to the Secretary is appropriate in light of his disclaimer and waiver. Further, since the claim involving the Secretary provided the sole basis for federal jurisdiction, and since that claim has now been resolved, pursuant to 28 U.S.C. § 1367(c)(3), the Court may decline to exercise supplemental jurisdiction over the remaining claims. In deciding whether to decline jurisdiction over remaining claims when no original jurisdiction claims remain pending, a district court should consider judicial economy, convenience, fairness and comity. *Wright v. Associated Ins. Cos.*, 29 F.3d 1244, 1251 (7th Cir. 1994) (citing *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)). Where a district court dismisses all claims over which it has original jurisdiction before trial, "the usual and preferred course is to remand the state claims to the state court unless there are countervailing considerations." *Payne for Hicks v. Churchich*, 161 F.3d 1030, 1043 (7th Cir. 1998) (citing *Wright*, 29 F.3d at 1251).

The Court has considered the relevant factors, including the fact that this case is in a very early stage, and has determined that remand is proper. Accordingly, the Court

- **GRANTS** the motions to dismiss the Secretary and to remand this case to state court (Docs. 11 & 12);

- **FINDS** pursuant to Federal Rule of Civil Procedure 54(b) that there is no just reason for delay in entry of judgment on the claim involving the Secretary;

- **DIRECTS** the Clerk of Court to enter a Rule 54(b) judgment dismissing the claim involving the Secretary; and

- **REMANDS** the remainder of this case to the Circuit Court of the First Judicial Circuit, Williamson County, Illinois.

**IT IS SO ORDERED.**
**DATED: February 7, 2011**

                                                           s/ J. Phil Gilbert
                                                           **J. PHIL GILBERT**
                                                           **District Judge**